**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D. # 2105015150 |
| | ) | |
| AARON M. CONYER, | ) | Crim. Action No. VN21-07-0042 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: March 26, 2024
Decided: April 9, 2024

**ORDER DENYING AARON M. CONYER'S
MOTION FOR REDUCTION/MODIFICATION OF SENTENCE**

This 9th day of April, 2024, the Court having considered Aaron M. Conyer's ("Conyer") Motion for Sentence Reduction (the "Motion"), for the following reasons, the Motion is **DENIED**.

1. Conyer pled guilty to Robbery Second Degree and was sentenced on October 14, 2022, effective May 29, 2021, as follows: five years at Level V, suspended for 2 years at Level III. He was ordered to undergo mental health and substance abuse evaluations and follow recommended treatment.

2. Conyer completed the mental health and substance abuse evaluation in December 2002 and attended the recommended treatment until March 2023. In the fall of 2023, Conyer admitted to cocaine use. He was instructed by his probation

officer to enroll in a treatment program. Conyer did not enroll and stopped reporting to probation.

3. On February 22, 2024, Conyer was found in violation of probation for failing to report and failing to enroll in a treatment program. He was sentenced effective February 22, 20224, with 23 days credit, to 2 years Level V, suspended for 6 months at Level IV DOC discretion, suspended upon completion of DOC recommended treatment, followed by 6 months Level III supervision.

4. On March 26, 2024, Conyer filed the Motion seeking a 30-day reduction in his sentence, specifically requesting that the Level IV DOC discretion portion of his sentence be reduced to 5 months. The basis of his Motion is that he is doing well in the programing and has already completed one program. Conyer reports that he has a job waiting for him upon his release and that he started another business. Finally, Conyer offers that he will obtain a GED if the Motion is granted.

5. Superior Court Criminal Rule 35(b) governs motions for modification or reduction in sentencing. It provides that the Court "may … reduce … the term or conditions of partial confinement …, at any time."[1] Rule 35(b) places the burden of proof on "the movant to establish cause to modify a lawfully imposed sentence."[2] While the rule does not set forth specific criteria which must be met to sustain this

---

[1] Super. Ct. Crim. R. 35(b).
[2] *State v. Evans*, 2024 WL 36518, at *2 (Del. Super. Jan. 3, 2024).

burden of proof, "'common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate.'"[3] The determination of whether to modify a sentence is left to the sound discretion of the Court.[4]

6.      Conyer was found in violation of the terms of his probation for failing to report and failing to enroll in a treatment program as direct by his probation officer after a relapse in his drug use. An important component of his sentence is the treatment he is to receive at Level IV. Once that treatment is completed, the remainder, if any, of his Level IV is suspended for 6 months at Level III.

7.      The Court commends Conyer for participating in the treatment programming and for having completed the Six for One program. However, completion of the treatment program is an integral part of his sentence and he has provided no basis for the Court to modify that portion of his sentence. Accordingly, the Court exercises its discretion and DENIES the Motion.

*/s/Kathleen M. Miller*
Judge Kathleen M. Miller

cc: Original to Prothonotary
    Matthew C. Buckworth, Deputy Attorney General
    Courtney A. Mcentee, Probation Officer
    Aaron M. Conyer (SBI # 00477642)

---

[3] *Id.* citing *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017).
[4] *State v. Garfield*, 2023 WL 8234371, at *2 (Del. Super. Nov. 28, 2023).

3